Filed 9/29/23  P. v. Jacobo-Contreras CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C095837 |
| Plaintiff and Respondent, | (Super. Ct. No. P18CRF0474) |
| v. | |
| JOSE MERCED JACOBO-CONTRERAS, | |
| Defendant and Appellant. | |

Defendant Jose Merced Jacobo-Contreras appeals from his conviction, following a jury trial, of multiple sexual offenses with minors entrusted to his care.  On appeal, he asserts his sentence of 125 years to life in prison constitutes cruel and unusual punishment under the Eighth Amendment and section 17 of article I of the California Constitution.  We disagree and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Given the nature of the issues presented in this appeal, a detailed recitation of the facts underlying defendant's convictions is unnecessary.  It suffices to say, when John

1

Doe was seven years old and Jane Doe was in kindergarten and they were living with defendant, defendant began requiring them to masturbate him on a nearly daily basis while their mother was working. Defendant also repeatedly sodomized and copulated Jane Doe during this period. He would also touch her genital area and force her to watch him masturbate.

Based on their reports of the incidents and their testimony, defendant was charged with and convicted of multiple counts of sodomy with a child under the age of 10 with Jane Doe (Pen. Code, § 288.7, subd. (a); counts 1-2);[1] multiple counts of committing a lewd act upon a child (§ 288, subd. (a); counts 3-6); and continuous sexual abuse of John Doe with three or more acts over three or more months of substantial sexual conduct (§§ 288.5, 1203.066, subd. (b); count 7). Additionally, a multiple victim enhancement was alleged and sustained (§ 667.61).

John Doe presented a statement at defendant's sentencing that he regretted having trusted defendant, that he was traumatized by the things defendant did to him and to his sister, and that defendant had ruined a large part of his life. The People sought the maximum sentence for defendant, 125 years to life. As factors in aggravation the People argued the victims' vulnerability, based on their ages and the position of trust defendant was placed in. The People also argued defendant committed these acts repeatedly and over a period of several months, if not years. In opposition, defendant argued his young age of 34, that he had no prior criminal record, and that he was married with three children warranted a lesser sentence. Additionally, defendant argued imposing consecutive sentences of 25 years to life would mean he would not be eligible for parole until he was 84 years old, making his sentence one that would be impossible to serve

---

[1] Undesignated statutory references are to the Penal Code.

2

during his lifetime.  Defendant argued such a sentence should be barred under the Eighth Amendment.

Nevertheless, the trial court imposed a sentence of 125 years to life.  The trial court noted that defendant had taken advantage of the children's mother being at work and their relationship with him; engaged in the acts on multiple occasions over the course of a couple of years; had sodomized Jane Doe repeatedly when she was five to no more than seven years old; and that he forced John Doe to masturbate him repeatedly when he was approximately eight years old.  The court also noted that the offenses in this case did not involve "mere touching over clothing, but instead skin-to-skin contact, actual penetration and acts of sodomy."  Thus, despite defendant's lack of prior criminal record, the trial court found the factors in aggravation merited imposition of consecutive sentences.

## DISCUSSION

Defendant asserts that, as applied to him, the imposition of multiple indeterminate terms, as required by the one strike law, without a meaningful opportunity for parole violates the state and federal Constitutions' prohibitions on excessive punishment.  (See § 667.61 [mandating 15-year-to-life and 25-year-to-life sentences for certain sexual offenses].)  First, he claims that when examining the nature of the offense and the offender, the life sentence is disproportionate.  Second, he asserts that when compared to punishments imposed for other serious offenses, the sentence imposed here is disproportionate.  We disagree.

The Eighth Amendment to the United States Constitution provides, in pertinent part, that "cruel and unusual punishments [shall not be] inflicted."  The parallel provision of the California Constitution declares that "[c]ruel or unusual punishment may not be inflicted."  (Cal. Const., art. I, § 17.)  As the Eighth Amendment affords no greater protection than the state Constitution, we analyze the claims as one.  (*People v. Martinez* (1999) 71 Cal.App.4th 1502, 1510.)

3

Under either the Eighth Amendment or the California Constitution, our inquiry into whether the sentence imposed is unconstitutional begins with great deference to the Legislature, as that body "is in the best position to evaluate the gravity of different crimes and to make judgments among different penological approaches." (*People v. Martinez* (1999) 76 Cal.App.4th 489, 494 (*Martinez*).)  However, the Legislature's authority to fix penalties for various offenses "remains ultimately circumscribed by the constitutional provision forbidding the infliction of cruel or unusual punishment, adopted by the people of this state as an integral part of our Declaration of Rights.  It is the difficult but imperative task of the judicial branch, as coequal guardian of the Constitution, to condemn any violation of that prohibition." (*In re Lynch* (1972) 8 Cal.3d 410, 414.)  To be deemed unconstitutionally excessive, the punishment must be "so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity." (*Id.* at p. 424.)

In assessing the proportionality of the penalty, there are three methods we may employ, any one of which "can be sufficient to demonstrate that a particular punishment is cruel and unusual." (*People v. Mendez* (2010) 188 Cal.App.4th 47, 64-65.)  Regardless of the method employed, however, it is the defendant's burden to demonstrate unconstitutionality. (*People v. King* (1993) 16 Cal.App.4th 567, 572.)  First, we may examine " 'the nature of the offense and/or the offender, with particular regard to the degree of danger both present to society.' " (*People v. Dillon* (1983) 34 Cal.3d 441, 479 (plur. opn.) (*Dillon*).)  Alternatively, we may compare the punishment imposed with punishments for more serious crimes in the same jurisdiction. (*In re Lynch, supra*, 8 Cal.3d at pp. 425-428.)  Lastly, we may compare the punishment with punishments for the same offense in other jurisdictions. (*Ibid.*)  As defendant has only presented arguments under the first two approaches, we do not engage in a comparison to punishments from other jurisdictions.

Defendant asserts that when we weigh the nature of the offense and of the offender, the result is that the sentence is disproportionate. We do not examine the nature of the offense in the abstract only, but also " 'the facts of the crime in question' [citation]—i.e., the totality of the circumstances surrounding the commission of the offense in the case at bar, including such factors as its motive, the way it was committed, the extent of the defendant's involvement, and the consequences of his acts." (*Dillon, supra*, 34 Cal.3d at p. 479.) In that assessment, any underlying disputed facts are viewed in the light most favorable to the judgment. (*Martinez, supra*, 76 Cal.App.4th at p. 496.) Similarly, with respect to the offender, we focus "on the particular person before the court, and ask[] whether the punishment is grossly disproportionate to the defendant's individual culpability as shown by such factors as his age, prior criminality, personal characteristics, and state of mind." (*Dillon*, at p. 479.)

Here, defendant relies on his lack of any prior or subsequent criminal history and the probation officer's risk assessment indicating a below average risk of recidivism to suggest his offense is an aberration and unlikely to reoccur, meaning he is not " 'the prototype of one who poses a grave threat to society.' " (*Dillon, supra*, 34 Cal.3d at p. 480, fn. 27.) What defendant fails to account for, however, is that he is an adult and that he has not demonstrated any traumatic history, mental impairment, or other personal attribute that might mitigate his awareness that what he was doing was wrong and harmful to the very young children he abused on a nearly daily basis. (Compare *People v. Baker* (2018) 20 Cal.App.5th 711, 724-726 [upholding 15-year-to-life sentence for adult uncle who molested and orally copulated six-year-old niece, and made no showing of low IQ or sexual inadequacy] with *In re Rodriguez* (1975) 14 Cal.3d 639, 653-655 [finding the youthful age, frustrations brought on by intellectual and sexual inadequacy, and inability to cope made lengthy imprisonment excessive].) Nor does defendant address the level of cunning, callousness, or sophistication employed by defendant in

5

selecting as his victims the young children who were entrusted to his care while their mother was at work.

Defendant further asserts that though his offenses are technically considered violent felonies, they are not "particularly egregious" because neither of his victims suffered physical harm. (See Cal. Rules of Court, rule 4.423(a)(6) [listing as a factor in mitigation that "[t]he defendant exercised caution to avoid harm to persons or damage to property, . . . or no harm was done or threatened against the victim"].) Putting aside that there is no evidence presented suggesting defendant took caution to avoid harming his victims, defendant conveniently overlooks the trauma his young victims suffered at his hands. (See *People v. Christensen* (2014) 229 Cal.App.4th 781, 806 (*Christensen*) [lewd conduct "may have lifelong consequences to the well-being of the child"].) Additionally, while his conduct is not the most egregious we could envision, neither is it the least invasive that would have qualified for his convictions. His convictions for lewd and lascivious conduct are not based on mere touching over the clothing, but on his touching the five- to eight-year-old victim on the skin around her vagina and buttocks and forcing both victims to rub his uncovered penis until he ejaculated. He also anally penetrated one of his victims on more than one occasion (convicted of sodomy in counts 1 & 2) As case law has acknowledged, "Considered in this context [as compared to other offenses], lewd conduct on a child may not be the most grave of all offenses, but its seriousness is considerable. It may have lifelong consequences to the well-being of the child." (*Ibid.*) Evidence of that trauma was presented by John Doe at the sentencing hearing: "You did horrible, disgusting things to me and sister that traumatized me to the point where it gets extremely hard for me to talk about. I don't know what I did that would want to make you hurt me that much."

Finally, defendant asserts that his 25-year-to-life and 15-year-to-life terms for the sexual abuse of two minors over the course of two years are disproportionate when compared to other offenses that mandate similar or lesser sentences. Defendant

6

acknowledges the Legislature may punish more severely sex offenses committed against children who are 10 years of age or younger. (*People v. Gomez* (2018) 30 Cal.App.5th 493, 502 ["It is well within the prerogative of the Legislature to determine that sex offenses against young children are deserving of longer sentences than sex offenses against adults or nonsex offenses"].) And our Legislature has expressed a strong public policy to protect young children from such sexual abuse. (See *People v. Olsen* (1984) 36 Cal.3d 638, 646; see also *People v. Baker, supra*, 20 Cal.App.5th at pp, 724-725, citing *Christensen, supra*, 229 Cal.App.4th at p. 806.) Nevertheless, defendant argues the imposition of life sentences for his comparatively less violent offenses renders the scheme unconstitutionally disproportionate in its punishment of offenders who commit sex offenses against the very young. (*Gomez*, at p. 502.)

Defendant compares his own punishment to that for attempted premeditated murder, torture, aggravated mayhem conducted with extreme indifference and causing permanent disability or disfigurement, assault of a child under age eight causing coma or permanent paralysis, and lewd or lascivious acts with a child under age 14 causing bodily harm. Those offenses require life sentences but permit parole eligibility earlier. He also notes life sentences are not imposed for rape of a child under age 14 by force or violence, rape of a child under age 14 in concert, or pandering of a child under age 16 with use of violence. However, defendant fails to consider that his own qualification for life sentences is a result of his commission of continuous sexual abuse and multiple lewd acts on multiple victims over the course of two years, and it cannot reasonably be compared to the commission of a single offense. (See *People v. Crooks* (1997) 55 Cal.App.4th 797, 807; *Christensen, supra*, 229 Cal.App.4th at p. 808.)

There is nothing about the sentence imposed in this case that shocks the conscience. Accordingly, defendant has failed to meet his burden of demonstrating that his sentence is excessive.

DISPOSITION

The judgment is affirmed.

     /s/
EARL, P. J.

We concur:


     /s/
ROBIE, J.


     /s/
KRAUSE, J.